Louis L. Friedman, J.
Plaintiff moves for summary judgment pursuant to rule 113 of the Rules of Civil Practice. Decided simultaneously herewith, is plaintiff’s prior motion for judgment on the pleadings. That prior motion is being denied on the ground that on the face of the pleadings, the court may not say that no triable issue is raised.
Upon the present motion, the question presented is whether the supporting and opposing affidavits and documents submitted herein indicate that there is no defense to this action.
Certain facts are not in dispute. In January, 1924, the decedent and his wife, who were the then owners of certain property located in the county of Kings, executed a mortgage for the sum of $3,000 upon their real property, payable on January 1, 1930, with the option to pay certain payments of principal on certain interest dates which occurred prior to the due date of the mortgage. This mortgage was given in consideration of a loan of $3,000 from the said decedent’s brother-in-law, the defendant Bus sin. By its terms, the mortgage expired on January 1,1930 and it is undisputed that there have been no payments upon the said mortgage, bond or indebtedness by way of principal or interest for a period of more than 25 years prior to the commencement of the within action. Plaintiff asserts in her pleadings that the period allowed by the applicable Statute of Limitations (Civ. Prac. Act, § 47-a) has now expired, that the Statute of Limitations has not been tolled, and that she is entitled to a judgment canceling and discharging the mortgage of record. The action itself is brought pursuant to subdivision 4 of section 500 of the Real Property Law.
In his answer, defendant denies that the indebtedness referred to in the complaint is barred by the Statute of Limitations and that the running of the statute has not been tolled or abated, and in addition sets up three affirmative defenses, two of which are also asserted as counterclaims. The first affirmative defense alleges that the decedent died on June 8, 1953, and submits facts to support defendant’s contention that because of the *628 close family relationship existing between the parties, the original loan was made, and that the debt was not collected when due even though defendant demanded payment thereof, because the decedent had dissuaded defendant from enforcing collection and promised to make payment when he (the decedent) was in a better financial condition. Defendant further sets forth that because of these promises, he, the defendant, did not press for the immediate collection of the debt and that during all of the subsequent years, he was continually dissuaded from doing anything by the promise of the decedent to make payment. He further avers that since this is an action in equity, that the plaintiff may not seek affirmative relief because she herself “ does not come into court with clean hands.”
In the second affirmative defense and first counterclaim, defendant sets up a plea under the doctrine of equitable estoppel, alleging that the numerous promises of payment made by the decedent would have estopped him from pleading the Statute of Limitations as a shield (if this were an action by defendant to recover on the debt) and that, therefore, his executrix may not use the statute as a sword to obtain affirmative relief against the defendant herein.
In his third affirmative defense and second counterclaim, defendant alleges that the Statute of Limitations has been tolled and demands judgment for the amount of the loan, to wit, $3,000, plus interest.
An examination of all the papers before the court, as well as the papers on the motion for judgment on the pleadings, indicates that this matter may be resolved by a determination of whether, as a matter of law, the Statute of Limitations presently bars the collection of the alleged indebtedness. In support of his contention that the statute has extended his time, defendant has attached to his answering affidavits, copies of two letters written to him by the decedent in the Italian language, together with a translation thereof. Defendant urges that these • two letters constitute acknowledgments of the indebtedness, sufficient to renew the debt, and that under such circumstances, the six-year Statute of Limitations did not begin to run until the date when the decedent died, to wit, June 8, 1953, thus extending the time to commence an action on the debt until June 7, 1959. The letters in question contain the following language.
In his letter of November 6,1944 (Defendant’s Exhibit 1) the decedent states in part, as follows: “ I do not owe any money to anyone except you, namely, I owe you three thousand dollars with interest. If I had the money I would come to pay you *629 immediately. Nevertheless, in spite of your letters, I am worried more than you as to how to pay you. ’ ’
In his letter of October 25, 1944 (Defendant’s Exhibit 2) he said: “ You say that I have forgotten about it, well I have not forgotten at all, as long as the debt remains. As long as I live I will have to pay the debt.”
Analyzing Exhibit 1, it appears without question, and the court would have no hesitancy in finding, that that letter commenced the running of the Statute of Limitations anew from the date thereof, to wit, November 6, 1944. That letter contains an unequivocal acknowledgment of the debt, and had an action upon the debt been commenced on or prior to November 5, 1950, the questions here presented would never have arisen; but the action was not commenced until 1957 and so the question which arises is whether defendant’s Exhibit 2 further extended the date when the statute would expire. Defendant argues that since in Exhibit 2, the decedent stated that he had “not forgotten at all” about the debt, “as long as the debt remains ’ ’, and in addition that he said, ‘1 As long as I live I will have to pay the debt ’ ’, the running of the statute did not commence as long as decedent lived. Since decedent died on June 8, 1953, defendant asserts that the statute began to run on that date and that defendant therefore had six years from said date to commence any action to recover on the debt.
The question then arises as to whether the language of Exhibit 2 may be construed as extending the statute so that it commenced to run on the date of the decedent’s death or whether that was merely a limitation. The court has come to the conclusion that the date of death was a limitation beyond which the statute could not run, and that even if it may be assumed that reading Exhibits 1 and 2 together, the time to commence an action was extended beyond six years from November 6, 1944, which would be November 5, 1950, the most that Exhibit 2 did was to extend that limitation, but not beyond the date as long as the decedent lived. That date, of course, has now been fixed as June 8, 1953. To hold otherwise would be giving to the language of the letter of October 25, 1944, and to section 59 of the Civil Practice Act a strained and unreasonable and unnatural construction. Section 59 of the Civil Practice Act, which makes provision with respect to the tolling of a Statute of Limitations and extensions of time thereunder, specifically states: ‘ ‘ An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of the provisions *630 of this article relating to the limitations of time within which an action must be brought other than for the recovery of real property. But this section does not alter the effect of a payment of principal or interest.” Assuming that the language of Exhibit 2 is a “ new or continuing contract whereby to take a case out of the operation of the provisions * * * relating to the limitations of time within which an action must be brought ’ ’, the most that can be said about that exhibit is that even if it did not limit the time to six years from the date of that letter, it certainly limited it to the decedent’s lifetime and did not, as defendant now contends, limit it so that the period of limitation began to run from the date of death, rather than expire thereupon. There can be no dispute that if the letters in question did not extend the statute until 1957, that plaintiff is entitled to a cancellation and discharge of this mortgage. The language of the letters is clear, and the court may construe the meaning thereof as a matter of law. No factual issue exists in this case and in view of the construction herein to the effect that the statute has not been extended as urged by the defendant, there appears to be no defense to this action. The defendant’s arguments with respect to the failure of the plaintiff to formally plead the Statute of Limitations in her reply, are without merit since it is evident from a reading of all the pleadings that in whatever form it may be, plaintiff resists any claimed indebtedness upon the theory that the Statute of Limitations bars a claim therefor.
Under the circumstances, and in vieAV of the foregoing, the court finds that the defendant has no defense to this action and the motion for summary judgment is therefore granted as prayed for.
Settle order on notice.